ORIGINAL

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

FILED
AUG 1 8 2008
U.S. COURT OF
FEDERAL CLAIMS

2006-5133, 2007-5005

COASTAL COAL-WEST VIRGINIA, LLC
(as successor to ANR Coal Company, LLC,
and Brooks Run Coal Company and Greenbrier Coal Company),
COASTAL COAL COMPANY, LLC
(as successor to ANR Coal Company, LLC,
and Enterprise Coal Company and Virginia Iron Coke & Coal Company),
and
COASTAL COAL, INC.

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Cross Appellant.

Appeal from the United States Court of Federal Claims in 97-CV-317,
Senior Judge Robert H. Hodges, Jr.

ON MOTION

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

NEWMAN, Circuit Judge.

ORDER

The United States moves without opposition to reverse the judgment of the United States Court of Federal Claims in Coastal Coal-West Virginia, LLC v. United

States, No. 97-cv-317 and remand with instructions to dismiss Coastal Coal-West Virginia, LLC's tax refund claims with prejudice.

In United States v. Clintwood Elkhorn Mining Co., 553 U.S. ___, slip op. at 12 (2008), the Supreme Court of the United States held that the language of the Internal Revenue Code (IRC) requires taxpayers seeking a refund of taxes collected in violation of the Export Clause of the Constitution to timely file an administrative refund claim before bringing suit. Failure to timely file a refund claim in compliance with the IRC, according to the Supreme Court, bars taxpayers from filing a complaint in the Court of Federal Claims even if such complaint had been brought within the Tucker Act's six-year statute of limitation period. Id.

The taxpayers in this case are in the same position as the taxpayers in Clintwood Elkhorn. The taxpayers were assessed taxes on coal exports under 26 U.S.C. § 4121(a)(1). After § 4121(a)(1) was held unconstitutional as applied to coal exports, the taxpayers attempted to recover the amount that was unlawfully taxed plus interest. Although the taxpayers had failed to file timely administrative refund claims in compliance with the IRC, the Court of Federal Claims held that it had jurisdiction over the complaints under the Tucker Act. The court awarded the taxpayers the amounts unlawfully assessed under the Export Clause but determined that the taxpayers were not entitled to interest.

Because the Court of Federal Claims' determination that the taxpayers could bring a complaint under the Tucker Act is incorrect under Clintwood Elkhorn, we agree with the United States that the judgment below must be reversed. We further agree with the United States that remand is required for the court to revise its judgment in accordance with Clintwood Elkhorn.

Accordingly,

IT IS ORDERED THAT:

(1) The stay of proceedings is lifted.

(2) The motion is granted. The judgment of the Court of Federal Claims is reversed. The case is remanded for the court to revise its judgment accordingly.

(3) Each side shall bear its own costs.

FOR THE COURT

JUN 25 2008

Date

Pauline Newman
Circuit Judge

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
JUN 25 2008
JAN HORBALY
CLERK

cc: Steven H. Becker, Esq.
Steven W. Parks, Esq.

s19

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE.
UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
By: Date: 8/18/08

ISSUED AS A MANDATE: AUG 18 2008